UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TIMOTHY GAINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-00595-JRO-MG |
| | ) | |
| R. EVANS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Timothy Gaines filed this civil rights action alleging that mailroom and internal investigations staff at Putnamville Correctional Facility ("Putnamville") meddled with his legal mail. Dkt. 2. Gaines proceeds on First and Fourteenth Amendment access to courts claims against Defendants Evans, Kennedy, and McClain for opening and confiscating Gaines's legal mail. Dkt. 11 at 3. Defendants moved for summary judgment. Dkt. [40]. For the reasons that follow, Defendants' Motion for Summary Judgment is **GRANTED**. Dkt. [40].

## I. SUMMARY JUDGMENT STANDARD

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility

determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

## II. FACTUAL BACKGROUND

Because Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to Gaines and draws all reasonable inferences in his favor. *Khungar*, 985 F.3d at 572.

### A. The Parties

Plaintiff Timothy Gaines was at all relevant times, and currently is, incarcerated at Putnamville. Dkt. 40-1 at 8–9. Defendant Robert Evans ("Officer Evans") is a correctional officer and head of Putnamville's Office of Investigations

and Intelligence ("OII"). *Id.* at 19; Dkt. 40-2 ¶1. Defendant Nicholas Kennedy ("Investigator Kennedy") is an OII investigator at Putnamville. Dkt. 40-1 at 15; Dkt. 40-2 ¶ 15. Defendant Joyce McClain ("Supervisor McClain") is Putnamville's mailroom supervisor. Dkt. 40-1 at 38.

**B. November 3, 2024, incident: prohibited third party correspondence**

Gaines submitted a grievance on November 3, 2024, concerning legal mail that was confiscated by the mailroom and for which he was not provided with a confiscation slip. Dkt. 40-1 at 36; Dkt. 40-9 at 1. Supervisor McClain responded to the grievance stating that the confiscated mail was sent from a home address, and therefore not considered "legal mail" but rather "prohibited third-party correspondence." Dkt. 40-9 at 3-4; Dkt. 40-6 at 15. After Gaines filed a grievance appeal, Warden Pretorius responded that he received a SF11984 Notice of Action Taken on Correspondence and completed SF21682 Disposition form, and that a confiscation slip was not necessary in this case. Dkt. 40-9 at 5, 7.

The confiscated mail contained copies of emails between Gaines's wife, Amber Gaines, and Senior Indiana Department of Corrections ("IDOC") Attorney Deborah Reasoner regarding the status of paperwork before deciding Gaines's pending disciplinary conduct appeal. Dkt. 40-1 at 37, 40; Dkt. 40-8.

**C. November 25, 2024, incident: legal mail**

Investigator Kennedy personally handed Gaines a copy of Putnamville's confidential lab report, which was part of the State's discovery in Gaines's

pending criminal case.[1] Dkt. 40-2 ¶ 6–7; Dkt. 40-4. An investigator from the prosecutor's office sent an email to Officer Evans and Nonparty Officer Willis, asking if OII personnel would facilitate a copy of the confidential lab report to Gaines. Dkt. 40-2 ¶¶ 13–15; Dkt. 40-4 at 1–2.

### D. Resulting Harm

Gaines did not miss a court deadline related to the claims at issue in this case. Dkt. 40-1 at 36 ("I didn't miss a court deadline.").

## III. DISCUSSION

Gaines proceeds on First and Fourteenth Amendment access to courts claims based on allegations that Defendants opened and confiscated his legal mail. Dkt. 11 at 3. Gaines complains of events which occurred in November 2024, where on one occasion third-party correspondence—emails between his wife and an IDOC attorney about a pending disciplinary appeal—were confiscated from him, and on another occasion where Gaines was hand-delivered a confidential lab report as part of the State's discovery in a pending criminal case. Dkt. 40-1 at 13–14, 36–37; Dkt. 40-2 at 2; Dkt. 40-4 at 1–2; Dkt. 40-6 at 15; Dkt. 40-8; Dkt. 40-9 at 3–7.

"The right to access the court is fundamental and essential to prisoners' ability to vindicate legal rights." *Jones v. Van Lanen*, 27 F.4th 1280, 1287 (7th Cir. 2022) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). While "prisons must

---

[1] The State brought charges against Mr. Gaines in *State of Indiana v. Timothy J. Gaines*, case no. 67D01-2412-F3-8 (previously docketed in case no. 67D01-2410-F6-200) after Putnamville's OII investigation revealed that his knee brace contained 312 orange strips which tested positive for Suboxone, a Schedule III narcotic. Dkt. 40-2 ¶ 7.

facilitate [prisoners' exercise of that right] by providing legal assistance[,]" *In re Maxy*, 674 F.3d 658, 660 (7th Cir. 2012) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)), inmates do not have an "abstract, freestanding right to a law library or legal assistance[.]" *Lewis v. Casey*, 518 U.S. 343, 351 (1996). As the Seventh Circuit explained,

> [t]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed.

*Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (emphasis in original) (citing *Lewis*, 518 U.S. at 351). So, to prove an access to the courts claim, a prisoner must designate evidence identifying "(1) a non-frivolous, underlying claim; (2) the official acts frustrating the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a suit or settlement." *Jones*, 27 F.4th at 1287 (citations omitted). The Seventh Circuit has also articulated "a two-part test for access-to-court claims. 'First, the prisoner must prove that prison officials failed to assist in the preparation and filing of meaningful legal papers. . . . Second, he must show some quantum of detriment caused by the challenged conduct of state officials.'" *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004) (quoting *Brooks v. Buscher*, 62 F.3d 176, 179 (7th Cir. 1995)).

Regardless of how the test is framed, "prisoners must receive that quantum of access to prison libraries—not total or unlimited access—which will

enable them to research the law and determine what facts may be necessary to state a cause of action," consistent with the prison's security concerns. *Brooks*, 62 F.3d at 179 (cleaned up). The right of access is not necessarily satisfied by "any time in a law library. . . . The touchstone is 'meaningful' access, not just access." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994). "If restricting access too severely frustrates the pursuit of an independent, non-frivolous legal right, then there is a violation of the right of access to the court." *Huber v. Anderson*, 909 F.3d 201, 210 (7th Cir. 2018).

Gaines filed two responses to Defendants' summary judgment motion. Dkts. 44, 46. Defendants complain that Gaines has not cited any evidence to show a dispute of fact and has likewise not cited any legal authority to support his arguments. Dkt. 47 at 2–4. The Court agrees. "Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority." *M.G. Skinner & Associates Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017). "It is not the obligation of the court to research and construct the legal arguments open to parties . . . ." *Riley v. City of Kokomo*, 909 F.3d 182, 190 (7th Cir. 2018) (cleaned up).

Nevertheless, the Court considers Gaines's arguments on summary judgment. Gaines repeatedly argues that Defendants lied about him refusing a call out to come pick up his legal mail and Defendants failed to follow IDOC policies. Dkt. 44 at 1; *see also* dkt. 46. Unfortunately, Gaines's speculation and his dissatisfaction with Defendants adherence to policy is not enough for Gaines's access to courts claims to survive summary judgment.

To the extent that there is any dispute of fact regarding Gaines refusing to pick up his legal mail, that fact is not material for purposes of summary judgment. The undisputed record reflects that Investigator Kennedy personally handed Gaines a copy of Putnamville's confidential lab report, which was part of the State's discovery in Gaines's pending criminal case. Dkt. 40-1 at 13; Dkt. 40-2 ¶ 15; Dkt. 40-4 at 1–2. In other words, Gaines was never deprived of the lab report. While Gaines clearly dislikes the narrative that he refused to pick up his legal mail, it makes no difference whether he picked it up or whether it was hand delivered by Investigator Kennedy. The bottom line is that he received a copy of the confidential lab report. Dkt. 40-1 at 13. Gaines has not explained how Investigator Kennedy delivering the report deprived him of his constitutional rights. *See* dkts. 44, 46. To survive summary judgment, there must be "more than just some minimal degree of impediment," *Jones*, 27 F.4th at 1288, and more than a theoretical injury. *Lewis*, 518 U.S. at 351.

To the extent Gaines's responses focus on Defendants' violations of IDOC policy regarding legal mail or otherwise, those arguments fail. It is well settled that a violation of IDOC policy does not amount to a constitutional violation. *Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017) ("Section 1983 protects against constitutional violations, not violations of . . . departmental regulation and . . . practices[.]") (internal quotation marks omitted).

Moreover, Defendants argue, among other things, that Gaines cannot establish that actual harm resulted from either incident at issue in this case. Dkt. 41 at 8–9, 11-12. The Court agrees, and it is fatal to Gaines's access to

courts claims. Gaines does not dispute that that he did not miss a court deadline related to the claims at issue in this case. Dkt. 40-1 at 36 ("I didn't miss a court deadline.").

It is Gaines's burden to "submit evidence showing he suffered an actual injury—*i.e.*, that prison officials interfered with his legal materials—and that the interference actually prejudiced him in his pending litigation." *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013). He has failed to do so. Accordingly, Defendants are entitled to summary judgment on the access to courts claims against them.

## IV. CONCLUSION

Defendants' motion for summary judgment, dkt. [40], is **GRANTED**. Final judgment shall issue by separate entry.

**SO ORDERED**.

Date: 9/24/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

TIMOTHY GAINES
983065
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel